**Catherine Valerio Barrad (SBN 168897)**
cbarrad@sidley.com
**Christine Kim Son (SBN 223190)**
cson@sidley.com
**J. P. Pecht (SBN 233708)**
jpecht@sidley.com
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California  90013-1010**
**Telephone:  (213) 896-6000**
**Facsimile:  (213) 896-6600**

**Attorneys For Defendant**
**Bayer Corporation**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MINARD, JERRY GREENMYER, LINDA L. GREENMYER, ROBERT COVELL, MARGO COVELL, JAMES ZANOS, <br><br> Plaintiffs, <br><br> vs. <br><br> BAYER CORPORATION, BAYER PHARMACEUTICALS CORPORATION, BAYER HEALTHCARE, LLC, BAYER A.G., and DOES ONE, through ONE HUNDRED, inclusive, <br><br> Defendants. | Case No. 08-CV-0739 <br><br> Assigned to: Hon. Claudia Wilken <br><br> **DEFENDANT BAYER CORPORATION'S ANSWER AND ADDITIONAL DEFENSE TO PLAINTIFFS' COMPLAINT FOR DAMAGES** <br><br> Complaint Filed:  March 10, 2008 |

1        1.    Paragraph 1 of the Complaint states a legal conclusion to which no

2    answer is required.  To the extent response may be required, Bayer Corporation

3    admits that, on the face of the Complaint, the United States District Court for the

4    Northern District of California has subject matter jurisdiction over this action pursuant

5    to 28 U.S.C. § 1332 in that this is an action between citizens of different states and in

6    which a citizen of a foreign state is an additional party and the amount in controversy

7    exceeds $75,000, exclusive of interest and costs.

8        2.    Bayer Corporation admits that, on the face of the Complaint, the

9    citizenship of all Plaintiffs is diverse from the citizenship of all defendants for

10   purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Bayer Corporation is

11   without knowledge or information sufficient to form a belief as to the truth of the

12   remaining or inconsistent allegations in paragraph 2 of the Complaint.

13       3.    Bayer Corporation admits that it is an Indiana corporation with its

14   principal place of business in Pittsburgh, Pennsylvania; that it is a wholly owned

15   subsidiary of Bayer AG; and that Trasylol® is the proprietary name for aprotinin

16   injection.  Bayer Corporation is without knowledge or information sufficient to form a

17   belief as to the time frame to which the allegations in the third sentence of paragraph 3

18   of the Complaint refer, but denies that it tested, distributed, advertised, promoted, or

19   sold Trasylol® at the times of the procedures alleged in the Complaint, and denies that

20   it has designed or manufactured Trasylol®.  Because of the vagueness of the

21   allegations in paragraph 3 that Bayer Corporation "analyzed," "recommended,"

22   "merchandised," or "supplied" Trasylol®, Bayer Corporation is without knowledge or

23   information sufficient to form a belief as to the truth of those allegations.  Bayer

24   Corporation denies the remaining allegations in paragraph 3 of the Complaint.

25       4.    Bayer Corporation admits that Trasylol® is the proprietary name for

26   aprotinin injection.  Bayer Corporation is without knowledge or information sufficient

27   to form a belief as to the time frame to which the allegations in the third sentence of

28

1  paragraph 4 refer, but admits that Bayer Pharmaceuticals Corporation tested,

2  distributed, advertised, promoted, and/or sold Trasylol® in interstate commerce in the

3  United States, including in California, at the times of the procedures alleged in the

4  Complaint, and denies that Bayer Pharmaceuticals Corporation designed or

5  manufactured Trasylol®. Because of the vagueness of the allegations in paragraph 4

6  that Bayer Pharmaceuticals Corporation "analyzed," "recommended,"

7  "merchandised," and "supplied" Trasylol®, Bayer Corporation is without knowledge

8  or information sufficient to form a belief as to the truth of those allegations. Bayer

9  Corporation denies the remaining allegations in paragraph 4 of the Complaint.

10      5.      Bayer Corporation admits that Bayer HealthCare LLC is a Delaware

11  limited liability company with its principal place of business in Tarrytown, New York;

12  that the sole member of Bayer HealthCare LLC is Bayer Corporation; that Bayer

13  HealthCare LLC does business in California and in San Francisco; and that Trasylol®

14  is the proprietary name for aprotinin injection. Bayer Corporation admits that Bayer

15  HealthCare LLC is deemed a citizen of Indiana and Pennsylvania for purposes of 28

16  U.S.C. § 1332. Bayer Corporation denies the remaining or inconsistent allegations in

17  paragraph 5 of the Complaint.

18      6.      Bayer Corporation admits that Bayer AG is a German corporation with

19  its headquarters in Leverkusen, Germany, and that Trasylol® is the proprietary name

20  for aprotinin injection. Bayer Corporation is without knowledge or information

21  sufficient to form a belief as to the time frame to which the allegations in the second

22  sentence of paragraph 6 of the Complaint refer, but admits that Bayer AG

23  manufactured, tested, and/or sold Trasylol® at the times of the procedures alleged in

24  the Complaint involving Robert Covell and Jerry Greenmyer, and denies that Bayer

25  AG manufactured, tested, or sold Trasylol® at the times of the procedures alleged in

26  the Complaint involving James Zanos and Carol Minard. Bayer Corporation denies

27  that Bayer AG has distributed, advertised, or promoted Trasylol®. Because of the

28

1   vagueness of the allegations in paragraph 4 that Bayer AG "analyzed,"

2   "recommended," and "merchandised," and "supplied" Trasylol®, Bayer Corporation

3   is without knowledge or information sufficient to form a belief as to the truth of those

4   allegations. Bayer Corporation denies the remaining allegations in paragraph 6 of the

5   Complaint.

6        7.     Bayer Corporation is not answering the Complaint on behalf of any entity

7   other than Bayer Corporation, and is not answering allegations that are directed to any

8   entity other than Bayer Corporation. Bayer Corporation is without knowledge or

9   information sufficient to form a belief as to the truth of the allegations in paragraph 7

10  of the Complaint.

11       8.     Although Bayer Corporation admits that the Complaint contains

12  allegations referring to Bayer Corporation and other entities collectively as

13  "Defendants," "Defendant," and/or "Bayer," Bayer Corporation is not answering the

14  Complaint on behalf of any other entity other than Bayer Corporation and is not

15  answering allegations that are directed to any entity other than Bayer Corporation.

16  Bayer Corporation accordingly denies the allegations in paragraph 8 of the Complaint.

17       9.     Bayer Corporation denies the allegations in paragraph 9 of the

18  Complaint.

19       10.    Bayer Corporation is without knowledge or information sufficient to

20  form a belief as to the truth of the allegations in paragraph 10 of the Complaint

21  regarding Plaintiffs' citizenship, the relationship between certain Plaintiffs, and

22  whether and/or under what circumstances Trasylol® was administered to any

23  Plaintiff. Bayer Corporation denies the remaining allegations in paragraph 10 of the

24  Complaint.

25       11.    Bayer Corporation admits that Trasylol® is the proprietary name for

26  aprotinin injection, that Trasylol® is a natural proteinase inhibitor obtained from

27  bovine lung, that Trasylol® consists of 58 amino acid residues that are arranged in a

28

single polypeptide chain, cross-linked by three disulfide bridges, and that it has a molecular weight of 6512 daltons. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 11 of the Complaint.

12.    Bayer Corporation admits that the active center of the aprotinin molecule is located on the lysine 15 and alanine 16 amino acid residues and that aprotinin forms reversible stoichiometric enzyme-inhibitor complexes. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 12 of the Complaint.

13.    Because of the vagueness of the allegation, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 13 of the Complaint.

14.    Bayer Corporation admits that, in or around 1930, Dr. Kraut and others isolated a kallikrein inhibitor from bovine lung. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 14 of the Complaint.

15.    Bayer Corporation admits that aprotinin was first marketed as "Trasylol" in Germany in 1959 for treatment of pancreatitis. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 15 of the Complaint.

16.    Bayer Corporation admits that the United States Food and Drug Administration ("FDA") approved the sale and distribution of Trasylol® in the United States on December 28, 1993. Bayer Corporation admits that, at the time of the procedures alleged in the Complaint, Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery. Bayer Corporation admits that Trasylol® is indicated for intravenous administration. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 16 of the Complaint.

17.    Bayer Corporation admits the allegations in paragraph 17 of the Complaint.

18.     Bayer Corporation admits that the language quoted in paragraph 18 of the Complaint was contained in the labeling for Trasylol® that was approved by the FDA on December 28, 1993.  Bayer Corporation denies the remaining or inconsistent allegations in paragraph 18 of the Complaint.

19.     Bayer Corporation admits that from January 1, 1985, through March 31, 2006, there were an estimated cumulative 4.38 million patient exposures worldwide to Trasylol®.  Bayer Corporation denies the remaining or inconsistent allegations in paragraph 19 of the Complaint.

20.     Bayer Corporation admits that it was reported in the 2005 Annual Report of Bayer AG that in 2005 Trasylol® generated sales of €230 million and was listed as eleventh among "Best-Selling Bayer HealthCare Products."  Bayer Corporation denies the remaining or inconsistent allegations in paragraph 20 of the Complaint.

21.     Bayer Corporation admits that an article authored by Mangano et al. was published in *The New England Journal of Medicine* on or about January 26, 2006. That article speaks for itself, and Bayer Corporation denies the allegations in paragraph 21 of the Complaint to the extent they are inconsistent with the contents of the article.  Bayer Corporation denies the remaining allegations in paragraph 21 of the Complaint.

22.     Bayer Corporation admits that the FDA receives and reviews various sources of information regarding approved pharmaceuticals, including studies in the medical and scientific literature and reports submitted through the MedWatch program, and evaluates whether labeling changes and other actions are warranted with regard to prescription drugs.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint.

23.     Bayer Corporation admits that the FDA issued a Public Health Advisory on or about February 8, 2006, portions of which are quoted in the indented portions of

ANSWER OF BAYER CORPORATION

paragraph 23 of the Complaint.  Bayer Corporation denies the allegations in paragraph 23 of the Complaint to the extent they are inconsistent with the contents of that Advisory.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, including regarding the time frame during which the FDA "continued its evaluation."

24.    Bayer Corporation admits that the FDA convened a public meeting of the Cardiovascular and Renal Drugs Advisory Committee on September 21, 2006, to discuss Trasylol®.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint.

25.    Bayer Corporation denies the allegations in paragraph 25 of the Complaint.

26.    Bayer Corporation admits that at the request of Bayer HealthCare AG Dr. Alexander Walker of i3 Drug Safety was performing an observational study of data drawn from a commercial database involving patients who underwent coronary artery bypass graft surgery.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint.

27.    Bayer Corporation admits that it knew that i3 Drug Safety's observational study of data drawn from a commercial database was ongoing, but denies that it knew that data or results from i3 Drug Safety's observational study were available prior to the September 21, 2006, Advisory Committee meeting and further denies Plaintiffs' characterization of such preliminary data.  Bayer Corporation denies the remaining allegations in paragraph 27 of the Complaint.

28.    Bayer Corporation admits that at the request of Bayer HealthCare AG i3 Drug Safety was performing an observational study of data drawn from a commercial data base involving patients who underwent coronary artery bypass graft surgery.

1  Bayer Corporation denies the remaining or inconsistent allegations in paragraph 28 of

2  the Complaint.

3       29.    Bayer Corporation admits that on or about December 15, 2006, the FDA

4  issued an "FDA Alert," portions of which are quoted in the indented portions of

5  paragraph 29 of the Complaint.  Bayer Corporation denies the allegations in paragraph

6  29 of the Complaint to the extent they are inconsistent with the contents of that Alert.

7       30.    Bayer Corporation admits that the prescribing information accompanying

8  Trasylol® sold in the United States was revised in December 2006 and now includes

9  the statement:  "Trasylol® administration increases the risk for renal dysfunction and

10 may increase the need for dialysis in the perioperative period."  Bayer Corporation

11 denies the allegations in paragraph 30 to the extent they are inconsistent with the

12 contents of the FDA-approved labeling and denies the remaining allegations in

13 paragraph 30 of the Complaint.

14      31.    Bayer Corporation admits that on or about December 15, 2006, the FDA

15 issued an "FDA Alert," portions of which are quoted in the indented portions of

16 paragraph 31 of the Complaint.  Bayer Corporation denies the allegations in paragraph

17 31 of the Complaint to the extent they are inconsistent with the contents of that Alert.

18      32.    Bayer Corporation admits that the prescribing information accompanying

19 Trasylol® sold in the United States was revised in December 2006 and now includes

20 the statement:  "Trasylol® administration increases the risk for renal dysfunction and

21 may increase the need for dialysis in the perioperative period."  Bayer Corporation

22 denies the allegations in paragraph 32 of the Complaint to the extent they are

23 inconsistent with the contents of the FDA-approved labeling, and denies the remaining

24 allegations in paragraph 32 of the Complaint.

25      33.    Bayer Corporation admits that three ongoing clinical studies for

26 Trasylol®, which were investigating the safety and efficacy of Trasylol® on

27 transfusion requirements and blood loss in adults undergoing elective spinal fusion

28

surgery, pneumonectomy or esophagectomy for cancer, and radical or total cystectomy in bladder cancer, have been discontinued. Bayer Corporation further states that Trasylol® has never been indicated for those uses in the United States. Bayer Corporation admits that on January 25, 2007, a press release was issued regarding the discontinuation of those three studies. Bayer Corporation denies the remaining or inconsistent allegations in paragraph 33 of the Complaint.

34.    Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint regarding Plaintiffs' medical conditions and treatment, including whether and under what circumstances Trasylol® was administered to Plaintiffs. Bayer Corporation denies liability for any injuries or damages alleged in the Complaint and denies the remaining allegations in paragraph 34 of the Complaint.

35.    Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.    Bayer Corporation denies that it promoted, distributed, or sold Trasylol® at the time of the procedure alleged in the Complaint involving Carol Minard and denies that it has designed or manufactured Trasylol®. Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 36 that Trasylol® was administered to Carol Minard and denies the remaining allegations in paragraph 36 of the Complaint.

37.    Paragraph 37 of the Complaint states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the medical condition and state of mind of Plaintiff Carol Minard and denies the remaining allegations in paragraph 37 of the Complaint.

38.    Paragraph 38 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation denies the allegations in paragraph 38 of the Complaint.

39.    Paragraph 39 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 regarding the medical condition and treatment of Plaintiff Carol Minard, denies liability for any injuries alleged in the Complaint, and denies the remaining allegations in paragraph 39 of the Complaint.

40.    Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.    Bayer Corporation denies that it promoted, distributed, or sold Trasylol® at the time of the procedure alleged in the Complaint involving Jerry Greenmyer and denies that it has designed or manufactured Trasylol®.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 41 that Trasylol® was administered to Jerry Greenmyer and denies the remaining allegations in paragraph 41 of the Complaint.

42.    Paragraph 42 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the medical condition and state of mind of Plaintiff Jerry Greenmyer and denies the remaining allegations in paragraph 42 of the Complaint.

43.    Paragraph 43 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation denies the allegations in paragraph 43 of the Complaint.

44.    Paragraph 44 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation is

1   without knowledge or information sufficient to form a belief as to the truth of the
2   allegations in paragraph 44 regarding the medical condition and treatment of Plaintiff
3   Jerry Greenmyer, denies liability for any injuries alleged in the Complaint, and denies
4   the remaining allegations in paragraph 44 of the Complaint.

5       45.     Bayer Corporation is without knowledge or information sufficient to
6   form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

7       46.     Bayer Corporation denies that it promoted, distributed, or sold Trasylol®
8   at the time of the procedure alleged in the Complaint involving Robert Covell and
9   denies that it has designed or manufactured Trasylol®.  Bayer Corporation and is
10  without knowledge or information sufficient to form a belief as to the truth of the
11  remaining allegations in paragraph 46 that Trasylol® was administered to Robert
12  Covell and denies the remaining allegations in paragraph 46 of the Complaint.

13      47.     Paragraph 47 of the Complaint states legal conclusions to which no
14  answer is required.  To the extent a response may be required, Bayer Corporation is
15  without knowledge or information sufficient to form a belief as to the truth of the
16  allegations regarding the medical condition and state of mind of Plaintiff Robert
17  Covell and denies the remaining allegations in paragraph 47 of the Complaint.

18      48.     Paragraph 48 of the Complaint states legal conclusions to which no
19  answer is required.  To the extent a response may be required, Bayer Corporation
20  denies the allegations in paragraph 48 of the Complaint.

21      49.     Paragraph 49 of the Complaint states legal conclusions to which no
22  answer is required.  To the extent a response may be required, Bayer Corporation is
23  without knowledge or information sufficient to form a belief as to the truth of the
24  allegations in paragraph 49 regarding the medical condition and treatment of Plaintiff
25  Robert Covell, denies liability for any injuries alleged in the Complaint, and denies
26  the remaining allegations in paragraph 49 of the Complaint.

27
28

50.    Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.    Bayer Corporation denies that it promoted, distributed, or sold Trasylol® at the time of the procedure alleged in the Complaint involving James Zanos and denies that it has designed or manufactured Trasylol.®  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 51 that Trasylol® was administered to James Zanos and denies the remaining allegations in paragraph 51 of the Complaint.

52.    Paragraph 52 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 regarding the medical condition and state of mind of Plaintiff James Zanos and denies the remaining allegations in paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation denies the allegations in paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 regarding the medical condition and treatment of Plaintiff James Zanos, denies liability for any injuries alleged in the Complaint, and denies the remaining allegations in paragraph 54 of the Complaint.

55.    Paragraph 55 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation denies the allegations in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' medical treatment and denies the remaining allegations in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint states legal conclusions to which no answer is required. To the extent a response may be required, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' employment status and denies the remaining allegations in paragraph 57 of the Complaint.

58. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 57 of the Complaint.

59. Bayer Corporation denies the allegations in paragraph 59 of the Complaint.

60. Bayer Corporation admits that Trasylol® is intended to be administered to patients by physicians in accordance with FDA-approved labeling and without substantial change from the condition in which it was sold. Bayer Corporation denies the remaining allegations in paragraph 60 of the Complaint.

61. Bayer Corporation denies the allegations in paragraph 61 of the Complaint.

62. Bayer Corporation is without knowledge or information sufficient to form a belief as to the state of mind of Plaintiffs. Bayer Corporation denies that any Trasylol® administered to Plaintiffs was defective and denies the remaining allegations in paragraph 62 of the Complaint.

63. Bayer Corporation denies the allegations in paragraph 63 of the Complaint.

64.    Bayer Corporation is without knowledge or information sufficient to form a belief as to the state of mind of Plaintiffs.  Bayer Corporation denies that any Trasylol® administered to Plaintiffs was defective and denies the remaining allegations in paragraph 64 of the Complaint.

65.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 64 of the Complaint.

66.    Paragraph 66 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation denies liability for any injury alleged in the Complaint, denies that its duties are accurately stated, denies that it breached any applicable duty of care relating to Plaintiffs' claims, and denies the remaining allegations in paragraph 66 of the Complaint.

67.    Bayer Corporation denies the allegations in paragraph 67 of the Complaint.

68.    Bayer Corporation denies the allegations in paragraph 68 of the Complaint.

69.    Bayer Corporation denies the allegations in paragraph 69 of the Complaint.

70.    Bayer Corporation denies the allegations in paragraph 70 of the Complaint.

71.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 70 of the Complaint.

72.    The second sentence of paragraph 72 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation admits that at the times of the procedures alleged in the Complaint Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary

bypass in the course of coronary artery bypass graft surgery and was safe and effective when used in accordance with FDA-approved labeling.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the time frame to which the allegations in the first sentence of paragraph 72 of the Complaint refer, but denies that it distributed, advertised, promoted, or sold Trasylol® at the times of the procedures alleged in the Complaint, and denies that it has manufactured, compounded, or packaged Trasylol®.  Because of the vagueness of the allegations in paragraph 72 that Bayer Corporation "recommended," "merchandised," or "supplied" Trasylol®, Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Bayer Corporation denies the remaining allegations in paragraph 72 of the Complaint.

73.    Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.    Bayer Corporation denies the allegations in paragraph 74 of the Complaint.

75.    Bayer Corporation denies the allegations in paragraph 75 of the Complaint.

76.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 75 of the Complaint.

77.    Paragraph 77 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation admits that at the times of the procedures alleged in the Complaint Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery and was safe and effective when used in accordance with FDA-approved labeling.  Bayer Corporation denies the remaining or inconsistent allegations in paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation admits that at the times of the procedures alleged in the Complaint Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery and was safe and effective when used in accordance with FDA-approved labeling.  Bayer Corporation denies the remaining or inconsistent allegations in paragraph 78 of the Complaint.

79.    The first sentence of Paragraph 79 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation admits that at the times of the procedures alleged in the Complaint Trasylol® was indicated for prophylactic use to reduce perioperative blood loss and the need for blood transfusion in patients undergoing cardiopulmonary bypass in the course of coronary artery bypass graft surgery and was safe and effective when used in accordance with FDA-approved labeling.  Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in paragraph 79 of the Complaint.  Bayer Corporation denies the remaining allegations in paragraph 79 of the Complaint.

80.    Bayer Corporation denies the allegations in paragraph 80 of the Complaint.

81.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 80 of the Complaint.

82.    Bayer Corporation denies the allegations in paragraph 82 of the Complaint.

83.    Bayer Corporation denies the allegations in paragraph 83 of the Complaint.

84.    Bayer Corporation denies the allegations in paragraph 84 of the Complaint.

85.    Bayer Corporation denies the allegations in paragraph 85 of the Complaint.

86.    Bayer Corporation denies the allegations in paragraph 86 of the Complaint.

87.    Bayer Corporation denies the allegations in paragraph 87 of the Complaint.

88.    Bayer Corporation denies the allegations in paragraph 88 of the Complaint.

89.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 88 of the Complaint.

90.    Bayer Corporation denies the allegations in paragraph 90 of the Complaint.

91.    Bayer Corporation denies the allegations in paragraph 91 of the Complaint, including all subparts thereof.

92.    Bayer Corporation denies the allegations in paragraph 92 of the Complaint.

93.    Bayer Corporation denies the allegations in paragraph 93 of the Complaint.

94.    Bayer Corporation denies the remaining allegations in paragraph 94 of the Complaint.

95.    Bayer Corporation denies the allegations in paragraph 95 of the Complaint.

96.    Bayer Corporation denies the allegations in paragraph 96 of the Complaint.

97.    Bayer Corporation denies the allegations in paragraph 97 of the Complaint.

98.    Bayer Corporation denies the allegations in paragraph 98 of the Complaint.

99.    Bayer Corporation denies the allegations in paragraph 99 of the Complaint.

100.    Bayer Corporation denies the allegations in paragraph 100 of the Complaint.

101.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 100 of the Complaint.

102.    Paragraph 102 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation denies any liability alleged in the Complaint and denies the allegations in paragraph 102 of the Complaint.

103.    Bayer Corporation denies the allegations in paragraph 103 of the Complaint, including all subparts thereof.

104.    Bayer Corporation denies the allegations in paragraph 104 of the Complaint.

105.    Bayer Corporation denies the allegations in paragraph 105 of the Complaint.

106.    Bayer Corporation denies the allegations in paragraph 106 of the Complaint.

107.    Bayer Corporation denies the allegations in paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint states legal conclusions to which no answer is required.  To the extent a response may be required, Bayer Corporation

1    denies any liability alleged in the Complaint and denies the remaining allegations in

2    paragraph 108 of the Complaint.

3        109.   Bayer Corporation incorporates by reference its responses to paragraphs

4    1 through 108 of the Complaint.

5        110.   Paragraph 110 of the Complaint states legal conclusions to which no

6    answer is required.  To the extent a response may be required, Bayer Corporation

7    denies liability for any injury or damages alleged in the Complaint and denies the

8    remaining allegations in paragraph 110 of the Complaint.

9        111.   Bayer Corporation denies the allegations in paragraph 111 of the

10   Complaint, including all subparts thereof.

11       112.   Bayer Corporation denies the allegations in paragraph 112 of the

12   Complaint.

13       113.   Bayer Corporation denies the allegations in paragraph 113 of the

14   Complaint.

15       114.   Bayer Corporation denies the allegations in paragraph 114 of the

16   Complaint.

17       115.   Paragraph 115 of the Complaint states legal conclusions to which no

18   answer is required.  To the extent a response may be required, Bayer Corporation

19   denies liability for any injury or damages alleged in the Complaint and denies the

20   remaining allegations in paragraph 115 of the Complaint.

21       116.   Paragraph 116 of the Complaint states legal conclusions to which no

22   answer is required.  To the extent a response may be required, Bayer Corporation

23   denies liability for any injury or damages alleged in the Complaint and denies the

24   remaining allegations in paragraph 116 of the Complaint.

25       117.   Bayer Corporation incorporates by reference its responses to paragraphs

26   1 through 116 of the Complaint.

27

28

118.    Bayer Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint.

119.    Bayer Corporation denies the allegations in paragraph 119 of the Complaint.

120.    Bayer Corporation denies liability for any injury alleged in the Complaint and denies that Plaintiffs are entitled to the relief requested in the "Wherefore" clause following paragraph 119 of the Complaint.

121.    Wherever Plaintiffs have incorporated by reference prior allegations in the Complaint, Bayer Corporation incorporates by reference its responses to such allegations.

122.    Bayer Corporation denies each and every allegation in the Complaint that relates to or is directed to Bayer Corporation unless such allegations are expressly responded to in this Answer.

## ADDITIONAL DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to Bayer Corporation in this matter.  Bayer Corporation accordingly preserves the right to assert these separate and additional defenses.  Upon completion of discovery, if the facts warrant, Bayer Corporation may withdraw any of these additional defenses as may be appropriate.  Bayer Corporation further reserves the right to amend its answer and defenses and to assert additional defenses and other claims, as discovery proceeds.  Further answering, and by way of additional defense, Bayer Corporation states as follows:

**Defense No. 1.**    Plaintiffs' Complaint and each and every count contained therein fails to state a cause of action or claim upon which relief can be granted against Bayer Corporation.

**Defense No. 2.**    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

1  **<u>Defense No. 3.</u>**    Plaintiffs' claims are barred, in whole or in part, by laches, waiver,
2  and/or estoppel.

3  **<u>Defense No. 4.</u>**    Plaintiffs' Complaint fails to join indispensable parties necessary
4  for the just adjudication of this matter.

5  **<u>Defense No. 5.</u>**    Plaintiffs' Complaint fails to state a claim for fraud or
6  misrepresentation and fails to allege the circumstances constituting fraud with the
7  required particularity.

8  **<u>Defense No. 6.</u>**    The alleged damages and injuries, if any, were the result of
9  unavoidable circumstances that could not have been prevented by any person,
10  including Bayer Corporation.

11  **<u>Defense No. 7.</u>**    Plaintiffs have not sustained an ascertainable loss of money or
12  property because of the alleged use of Trasylol®.

13  **<u>Defense No. 8.</u>**    Plaintiffs have not suffered any actual injury or damages because
14  of the alleged use of Trasylol®.

15  **<u>Defense No. 9.</u>**    To the extent that section 402A of the Restatement (Second) of
16  Torts applies to Plaintiffs' claims, Plaintiffs' claims are barred pursuant to section
17  402A, comment k.

18  **<u>Defense No. 10.</u>**    The injuries and damages sustained by Plaintiffs, if any, resulted
19  from an intervening or superseding cause and/or causes, and no act or omission on the
20  part of Bayer Corporation was a proximate and/or competent producing cause of such
21  alleged injuries or damages.

22  **<u>Defense No. 11.</u>**    The injuries and damages allegedly sustained by Plaintiffs, if any,
23  were caused, in whole or in part, by pre-existing or subsequent physical, medical,
24  and/or physiological conditions, for which Bayer Corporation has no legal
25  responsibility.

26  **<u>Defense No. 12.</u>**    The acts and omissions of Plaintiffs and/or other persons or
27  entities, whether named or unnamed in Plaintiffs' Complaint, over whom Bayer

28

**ANSWER OF BAYER CORPORATION**

Corporation had no supervision or control and for whose actions and omissions Bayer Corporation has no legal responsibility, caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrine of contributory negligence or fault and/or comparative negligence or fault.  Plaintiffs' recovery, if any, therefore is barred or should be reduced and/or apportioned in accordance with applicable law.

**Defense No. 13.**    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

**Defense No. 14.**    Plaintiffs' claims are barred because Trasylol® was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying Trasylol® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

**Defense No. 15.**    The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

**Defense No. 16.**    Plaintiffs' claims are barred because Trasylol® provides net benefits for a class of patients.

**Defense No. 17.**    Bayer Corporation did not sell or distribute Trasylol® to Plaintiffs, and Plaintiffs did not receive or rely upon any representations or warranties as alleged in the Complaint.

**Defense No. 18.**    Plaintiffs' claims for breach of warranty are barred by lack of privity between Plaintiffs and Bayer Corporation.

**Defense No. 19.**    Plaintiffs' claims for breach of warranty are barred because Plaintiffs failed to give timely notice of any alleged breach of warranty.

**Defense No. 20.**    Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning Trasylol®.

**Defense No. 21.**     Plaintiffs' claims for breach of warranty are barred by the applicable provisions of the California Commercial Code and/or other applicable law.

**Defense No. 22.**     Plaintiffs' Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, testing, distribution, marketing, and sale of Trasylol®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Trasylol®, including its labeling approved by the United States Food and Drug Administration, complied with the state of scientific and medical knowledge available at the time of its design, testing, manufacture, distribution, marketing, and sale.  Plaintiffs' recovery accordingly is barred.

**Defense No. 23.**     The prescription drug Trasylol® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, distribution, marketing, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.  Plaintiffs' recovery accordingly is barred.

**Defense No. 24.**     If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of Trasylol®.  Plaintiffs' recovery accordingly is barred.

**Defense No. 25.**     Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal government's regulation of the manufacturing, testing, marketing, sale and labeling of prescription drugs.

**Defense No. 26.**     Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the United States Food

1   and Drug Administration is charged under law with determining the content of

2   warnings and labeling for prescription drugs.

3   **Defense No. 27.**    Plaintiffs cannot state a claim with regard to the warnings and

4   labeling for prescription drugs because the remedy sought by Plaintiffs is subject to

5   the exclusive regulation of the United States Food and Drug Administration.

6   **Defense No. 28.**    This Court should abstain from adjudicating Plaintiffs' claims

7   relating to warnings and labeling in deference to the interpretation of regulations

8   relating to prescription drug labeling by the United States Food and Drug

9   Administration.

10  **Defense No. 29.**    Any claims by Plaintiffs' relating to alleged communications with

11  regulatory agencies of the United States government are barred in whole or in part by

12  operation of applicable law, including First and Fourteenth Amendment rights to

13  petition the government.

14  **Defense No. 30.**    Plaintiffs' claims are barred in whole or in part because the

15  commercial speech relating to Trasylol® was not false or misleading and is protected

16  under the First and Fourteenth Amendments to the United States Constitution and by

17  applicable State constitutional provisions.

18  **Defense No. 31.**    Plaintiffs' claims purportedly asserted under statutes and

19  regulations relating to prescription drugs fail, in whole or in part, because those

20  statutes and regulations do not contain or create any private cause of action.

21  **Defense No. 32.**    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs'

22  failure to mitigate their alleged damages.

23  **Defense No. 33.**    To the extent Plaintiffs have settled or will in the future settle with

24  any person or entity with respect to the injuries asserted in the Complaint, the liability

25  of Bayer Corporation, if any, should be reduced accordingly.

26  **Defense No. 34.**    Plaintiffs' Complaint fails to state a claim against Bayer

27  Corporation upon which relief can be granted for punitive or exemplary damages.

28

**Defense No. 35.**    Bayer Corporation denies any conduct for which punitive or exemplary damages could or should be awarded and denies that Plaintiffs have produced evidence sufficient to support or sustain the imposition of punitive or exemplary damages against Bayer Corporation pursuant to the applicable standard(s) of proof.

**Defense No. 36.**    Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Bayer Corporation's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution, would violate Bayer Corporation's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, and would contravene other provisions of the United States Constitution, the California Constitution, and any other applicable State constitution.

**Defense No. 37.**    Plaintiffs cannot recover punitive or exemplary damages against Bayer Corporation because such an award, which is penal in nature, would violate Bayer Corporation's constitutional rights under the United States Constitution and any applicable State constitution, unless Bayer Corporation is afforded the same procedural safeguards as are criminal defendants, including but not limited to the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

**Defense No. 38.**    Any imposition of punitive or exemplary damages in this case against Bayer Corporation would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

**Defense No. 39.**    Plaintiffs' claim for punitive or exemplary damages is barred by the United States Constitution and any applicable State constitution on grounds

1    including the following:

2        (a)    the procedures pursuant to which punitive or exemplary damages may be

3                   awarded fail to provide specific standards for the amount of the award

4                   against Bayer Corporation;

5        (b)    the procedures pursuant to which punitive or exemplary damages may be

6                   awarded result in the imposition of different penalties for the same or

7                   similar acts;

8        (c)    the procedures pursuant to which punitive or exemplary damages may be

9                   awarded permit the imposition of punitive or exemplary damages in

10                  excess of the maximum criminal fine for the same or similar conduct; and

11       (d)    the procedures pursuant to which punitive or exemplary damages may be

12                  awarded are subject to no predetermined limit, such as a maximum

13                  multiple of compensatory damages or a maximum amount, on the amount

14                  of punitive or exemplary damages that a jury may impose, thus providing

15                  no protection against multiple awards for the same course of conduct.

16   **Defense No. 40.**    With respect to Plaintiffs' demand for punitive or exemplary

17   damages, Bayer Corporation specifically incorporates by reference any and all

18   standards or limitations regarding the determination and enforceability of punitive or

19   exemplary damages awards under California Civil Code sections 3294 and 3295 or

20   other applicable State law.

21   **Defense No. 41.**    No act or omission of Bayer Corporation was intentional, reckless,

22   willful misconduct, wanton, reckless, and/or with actual malice, oppression, and/or

23   fraud as defined in California Civil Code section 3294, or done with reckless disregard

24   for the safety of Plaintiffs, or with conscious disregard and indifference to the rights,

25   safety and welfare of Plaintiffs, or evidencing that entire want of care which would

26   raise the presumption of conscious indifference to the consequences, and therefore any

27   award of punitive or exemplary damages is barred.  Bayer Corporation asserts any

28

**ANSWER OF BAYER CORPORATION**

statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

**Defense No. 42.**    The claim for punitive or exemplary damages against Bayer Corporation cannot be sustained under California law because, in all respects pertinent to this action, Bayer Corporation complied with applicable industry standards and did not engage in a deliberate course of conduct which knowingly endangered those using Trasylol®.

**Defense No. 43.**    The claim for punitive or exemplary damages against Bayer Corporation cannot be sustained, because any award of punitive or exemplary damages without bifurcating the trial and trying all punitive or exemplary damages issues only if and after liability on the merits has been found, would violate Bayer Corporation's due process rights guaranteed by the United States and California Constitutions, and would be improper under the common law and public policies of the State of California.

**Defense No. 44.**    The claim for punitive or exemplary damages against Bayer Corporation cannot be sustained, because an award of punitive or exemplary damages under California law by a jury that (a) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive or exemplary damages award; (b) is not adequately instructed on the limits of punitive or exemplary damages imposed by the applicable principles of deterrence and punishment; (c) is not expressly prohibited from awarding punitive or exemplary damages, or determining the amount of an award of punitive or exemplary damages, in whole or in part, on the bases of invidiously discriminating characteristics, including the residence, wealth and corporate status of Bayer Corporation; (d) is permitted to award punitive or exemplary damages under the standard for determining liability for punitive or exemplary damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive or

exemplary damages permissible; and (e) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Bayer Corporation's due process and equal protection rights guaranteed by the Fourteenth Amendment to the Untied States Constitution and by the California Constitution, and would be improper under the common law and public policies of the State of California.

**Defense No. 45.**     The claim for punitive or exemplary damages against Bayer Corporation cannot be sustained under California law to the extent that, prior to the entry of any judgment or award in this case, an award of punitive or exemplary damages has been recovered from Bayer Corporation in a court of this State relating to Trasylol®.

**Defense No. 46.**     Plaintiffs' Complaint seeks damages in excess of those permitted by law.  Bayer Corporation asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

**Defense No. 47.**     Plaintiffs' claims of injury and claims for damages are speculative.

**Defense No. 48.**     Bayer Corporation preserves all objections and defenses relating to personal jurisdiction.

**Defense No. 49.**     Bayer Corporation adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Bayer Corporation's defenses pleaded in this Answer.

**WHEREFORE**, Bayer Corporation denies any and all liability with regard to Plaintiffs' claims and prays for judgment as follows:

1.  That Plaintiffs take nothing by way of their Complaint or any of its purported claims for relief;

2.  That the Complaint be dismissed with prejudice in its entirety;

3.  That judgment be entered in favor of Bayer Corporation;

4.  That Bayer Corporation be awarded its cost of suit incurred in this action, including attorneys' fees; and

5.  That Bayer Corporation be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Bayer Corporation respectfully requests that a jury try the issues in this matter.

Dated:  April 1, 2008                    SIDLEY AUSTIN LLP


By: /s/ J. P. Pecht
                                                Catherine Valero Barrad
                                                Christine Kim Son
                                                J. P. Pecht
                                                *Attorneys For Defendant*
                                                *Bayer Corporation*

**ANSWER OF BAYER CORPORATION**